UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GARY JOSEPH** | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | DOCKET NO. |
| | * | SECTION " " |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** | * | |
| | * | |

* * * * * * * * * * * * * * *

## COMPLAINT

### I.  PARTIES

1. Plaintiff, **GARY JOSEPH**, is a person of the full age of majority, and a resident of Port Allen, West Baton Rouge Parish, Louisiana.

2. Defendant, **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**, is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

### II.  JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

### III.  FACTS & ALLEGATIONS

5. The Group Long Term Disability Plan for Employees of Reyes Holdings, LLC ("The Plan") is an employee benefit plan, created, established, sponsored, administered and funded by Reyes Holdings, LLC in the State of Illinois.

6. Plaintiff is a former employee of Reyes Holdings, LLC, and was at all relevant times a plan participant of the Plan and at all times qualified as a beneficiary under the Plan.

7. Defendant, **HARTFORD**, acted at all times as a fiduciary of the Plan by virtue of being under contract with the Plan, the Plan Administrator of the Plan, and Reyes Holdings, LLC to act as claims administrator for the Plan, determine eligibility for benefits under the Plan, and provide insurance for disability benefit payment obligations under the Plan.

8. Among other benefits, the Plan provided disability benefits.

9. Plaintiff has been since prior to May 1, 2013, remains to date and is expected to remain indefinitely disabled and entitled to disability benefits under the terms of the Plan.

10. Despite receiving overwhelming proof that Plaintiff remained qualified for benefits under the plan terms, Defendant, **HARTFORD**, prematurely, arbitrarily and capriciously misinterpreted the Plan's terms and provisions and made erroneous factual findings to discontinue and deny Plaintiff's benefits.

11. Plaintiff has exhausted all required administrative remedies prior to filing this lawsuit.

12. Plaintiff has incurred attorney's fees in order to pursue his right to benefits from the Plan.

13. Plaintiff is entitled to judgment awarding disability benefits owed to him under the terms of the Plan from Defendant, **HARTFORD**.

14. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in his pursuit of these claims from Defendant, **HARTFORD**.

15. The standard of review of Plaintiff's claims herein is *de novo*, by virtue of the ban of discretionary clauses under Illinois law, which governs here.

**WHEREFORE**, Plaintiff, **GARY JOSEPH**, prays for judgment against Defendant, **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**, as follows:

1. For all disability benefits due Plaintiff in the past and future under terms of the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may warrant.

Respectfully Submitted,

s/J. Price McNamara

_____
**J. PRICE McNAMARA   (20291)**
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-201-8313
Email:   price@jpricemcnamara.com
Attorney for Complainant,
Gary Joseph